**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD JEROME FISHER,<br><br>           Petitioner,<br><br>     v.<br><br>HERIBERTO H. TELLEZ,<br>Acting Warden,<br><br>           Respondent. | Case No. CV 17-4746-DOC (JPR)<br><br>ORDER SUMMARILY DISMISSING ACTION |

On June 27, 2017, Petitioner, who is housed at the Federal Correctional Institution in Victorville, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, ostensibly under 28 U.S.C. § 2241. He challenges his life-plus-five-years sentence for his 1992 conviction in the Northern District of Texas of conspiracy to distribute cocaine base, possession of cocaine with intent to distribute, and money laundering. Petitioner argues that in <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), the Supreme Court cast "doubt" on "the validity of . . . graduated penalty provisions and [his] prior convictions under California Health and Safety Code §§ 11350 and 11351.5." (Pet., Mem. at 3.) Because those prior state convictions were

1

used to enhance his federal sentence, Petitioner contends, his federal sentence cannot stand. (Id.)

This is Petitioner's fifth attempt to file a § 2241 petition in this Court challenging the same conviction and sentence; each time the Court has found the filing to be a disguised § 2255 motion over which it had no jurisdiction. See Fisher v. Herrera, No. 2:01-cv-2686-SH (C.D. Cal. filed Mar. 22, 2001) (Petitioner's § 2241 petition transferred to N.D. Tex. as improperly filed § 2255 motion over which C.D. Cal. had no jurisdiction), appeal dismissed, No. 01-56218 (9th Cir. Nov. 8, 2001); Fisher v. Guiterrez, No. 2:12-cv-4867-DOC-SH (C.D. Cal. filed June 4, 2012) (same), appeal dismissed, No. 12-56244 (9th Cir. July 30, 2012); Fisher v. Tews, No. 2:14-cv-4290-DOC-SH (C.D. Cal. filed June 4, 2014) (same), appeal dismissed, No. 14-56562 (9th Cir. Dec. 23, 2014); Fisher v. Tews, No. 2:15-cv-9596-DOC-DTB (C.D. Cal. filed Dec. 14, 2015) (same).

Petitioner has also unsuccessfully — and repeatedly — attempted to challenge his conviction and sentence in the Northern District of Texas and Fifth Circuit Court of Appeals, to no avail. See Tews, No. 2:15-cv-9596-DOC-DTB (May 25, 2016 R. & R. describing Petitioner's unsuccessful § 2255 motions in N.D. Tex. (in Jan. 1998, June 2001, Oct. 2001, Apr. 2003, Jan. 2004, Sept. 2005, Jan. 2007, Nov. 2009) and unsuccessful attempts to receive authorization from Fifth Circuit to file second or successive § 2255 motion (in Dec. 2000, Dec. 2003, Mar. 2010)).

Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through § 2255. Tripati v. Henman, 843 F.2d 1160,

1162 (9th Cir. 1988). Prisoners may generally file only one § 2255 motion, and only within certain strict time limits. See § 2255(f), (h). Under the "savings clause" of § 2255, however, a prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). To qualify under that clause, a petitioner must (1) claim that he is actually innocent and (2) show that he has not had an "unobstructed procedural shot" at presenting the claim. Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008) (citation omitted). When determining whether a petitioner has had an unobstructed procedural shot at raising a claim, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first section 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Powell v. Langford, No. CV 16-7619 RSWL (FFM), 2016 WL 6951934, at *3 (C.D. Cal. Nov. 28, 2016) (citing Harrison, 519 F.3d at 960). When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the petition is properly brought under § 2241 or "is, instead, a disguised § 2255 motion." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

As an initial matter, Petitioner fails to make a cognizable claim of "actual innocence" qualifying him to bring a § 2241 petition. Liberally construed, the Petition claims actual innocence in that Petitioner's prior convictions were improperly considered for purposes of enhancing his sentence. That is not sufficient. See id. at 1193 (federal prisoner challenging prior

3

convictions for purposes of attacking sentence raised "purely legal claim that has nothing to do with factual innocence . . . [and] is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch"). As this Court found in adjudicating Petitioner's 2015 § 2241 petition, he has alleged no new facts nor presented any evidence to establish that he is "actually innocent" of his federal charges or that "in light of all the evidence it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." See Tews, No. 2:15-cv-9596-DOC-DTB (May 25, 2016 R. & R. at 7).

Petitioner argues that § 2255 is inadequate or ineffective to test the legality of his detention because he is relying on new case law that was "not a constitutional rule made retroactive under 28 U.S.C. § 2255(h)" and "[t]herefore [a § 2241 petition] is his only vehicle to seek relief from his sentence of life imprisonment." (Pet. at 5.) Thus, he argues, he could not have raised the claims in his Petition earlier because "they were not ripe at the time of his initial motion under § 2255." It appears Petitioner is arguing that he has not had an "unobstructed procedural shot" at raising his claims because of "new" law. (Id.)

But Mathis does not announce a change of law relevant to Petitioner's claims. In Mathis, the Supreme Court reiterated its longstanding holding that a defendant's prior crime qualifies as a predicate offense under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), "only if[] its elements are the same as, or narrower than, those of the generic offense." 136 S. Ct. at

4

2247; see Taylor v. United States, 495 U.S. 575, 599-600 (1990). The Court identified three categories of criminal statutes: (1) those that set out "a single (or 'indivisible') set of elements to define a single crime," such as a burglary statute that criminalizes entering a structure with intent to steal, id. at 2248; (2) those that "have a more complicated (sometimes called 'divisible') structure," such as a burglary statute that criminalizes "the lawful entry or the unlawful entry" of a structure with intent to steal, thus listing "alternative elements" that define "multiple crimes," id. at 2249; and (3) those that "enumerate[] various factual means of committing a single element" of a crime, such as a burglary statute that prohibits unlawful entry of "'any building, structure, [or] land, water, or air vehicle'" with intent to steal, thus listing "alternative ways of satisfying a single locational element," id. at 2249-50.

The Supreme Court confirmed its earlier holdings that "indivisible" statutes should be analyzed according to the "categorical approach" and that "divisible" statutes require use of the "modified categorical approach." Id. at 2248-49. The question in Mathis was whether the modified categorical approach should be applied to the third category of statutes; the Court held that it should not. Id. at 2251.

Petitioner argues that various statutes affecting his federal sentence are "indivisible." (See Pet., Mem. at 4 (arguing that Cal. Health & Safety Code §§ 11350 and 11351.5 are indivisible), 8 ("Petitioner's statute of conviction is also indivisible as to conduct"), 9 ("Title 21 U.S.C. § 841 Was an

5

Indivisible Statute that Prohibited Application of the Modified Categorical Approach"), 13 ("§ 841 was not considered a divisible statute with alternative elements"), 14 ("§ 841 Was Indivisible").) Mathis did not change the law as it relates to indivisible statutes, however. Indeed, the Court reaffirmed that "[f]or more than 25 years" its decisions have demanded use of the categorical approach in assessing whether such statutes can support a prior conviction under the ACCA. 136 S. Ct. at 2247; see also Powell, 2016 WL 6951934, at *4 ("The categorical and modified categorical approaches were first enunciated over two decades before Mathis[;] . . . the Mathis Court merely reaffirmed [an] established principle and declined to extend it to a subset of laws that Petitioner acknowledges do not apply to him."). Even if the statutes Petitioner cites in fact "swe[pt] more broadly" than the underlying generic drug offenses (see Pet., Mem. at 4) or allowed "alternative" means of committing the crime (see id. at 7), Petitioner could have raised those issues, and law supporting his position, when he filed his first § 2255 motion, in 1998 (see id. at 2). Moreover, Petitioner does not appear to argue that the sentencing court inappropriately applied the modified categorical approach in his case. Because Mathis did not change the law "in any way relevant" to Petitioner's claims, he cannot rely on it to show that he did not have an "unobstructed procedural shot" at presenting those claims earlier. Harrison, 519 F.3d at 960.

Indeed, Petitioner recognizes that his claims are appropriately raised in a § 2255 motion; he filed one on June 23, 2017, in the Northern District of Texas, making identical

arguments. See Fisher v. United States, No. 4:92-cr-010-Y (N.D. Tex., § 2255 motion filed June 23, 2017). In that motion he acknowledges that "every court will agree that [his] claim is properly brought under § 2255(a)," in part because "§ 2241 does not provide a vehicle for a clarification of the law since the Supreme Court explicitly stated in Mathis that it was not announcing a new rule of constitutional law for Teague v. Lane, 489 U.S. 288 (1989) purposes." Fisher, No. 4:92-cr-010-Y (Mot., Mem. at 4). That motion remains pending. See id. (Docket No. 225).

Petitioner thus has not shown that § 2255 is inadequate or ineffective as a means of challenging his judgment. His § 2241 "petition" is therefore nothing but a disguised § 2255 motion, which was not only filed in the wrong court but is impermissibly successive as well. See § 2255(e), (h); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). His Petition must therefore be summarily dismissed under Local Rule 72-3.2 for lack of jurisdiction.[1] ACCORDINGLY, IT IS ORDERED

---

[1] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

7

that this action is dismissed and judgment be entered to that effect.

DATED: July 5, 2017

/s/ David O. Carter
DAVID O. CARTER
U.S. DISTRICT JUDGE

Presented by:

**JEAN ROSENBLUTH**
Jean Rosenbluth
U.S. Magistrate Judge


cc: Senior District Judge Terry R. Means
    Northern District of Texas